IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MPEG LA, L.L.C.,

       Plaintiff,

    v.

ODS OPTICAL DISC SERVICES, INC.,
(f/k/a ODS BUSINESS SERVICES, INC.),
and ODS BUSINESS SERVICES, LTD.

       Defendants.

C.A. No. 07-33

**JURY TRIAL DEMANDED**

## OPENING BRIEF IN SUPPORT OF ODS OPTICAL DISC SERVICES, INC.'S AND ODS BUSINESS SERVICES, LTD.'S MOTION TO DISMISS

Cathy L. Reese (#2838)
Stamatios Stamoulis (#4606)
Kyle W. Compton (#4693)
FISH & RICHARDSON P.C.
919 North Market Street, 11th Floor
P.O. Box 1114
Wilmington, DE  198899-1114
(302) 652-5070

*Attorneys for Defendants*

Dated:  February 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MPEG LA, L.L.C.,

       Plaintiff,

    v.

ODS OPTICAL DISC SERVICES, INC.,
(f/k/a ODS BUSINESS SERVICES, INC.),
and ODS BUSINESS SERVICES, LTD.

       Defendants.

C.A. No. 07-33

**JURY TRIAL DEMANDED**

## OPENING BRIEF IN SUPPORT OF ODS OPTICAL DISC SERVICES, INC.'S AND ODS BUSINESS SERVICES, LTD.'S MOTION TO DISMISS

Cathy L. Reese (#2838)
Stamatios Stamoulis (#4606)
Kyle W. Compton (#4693)
FISH & RICHARDSON P.C.
919 North Market Street, 11th Floor
P.O. Box 1114
Wilmington, DE  198899-1114
(302) 652-5070

*Attorneys for Defendants*

Dated:  February 6, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

I.     NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

II.    SUMMARY OF THE ARGUMENT ............................................................................ 1

III.   STATEMENT OF FACTS ........................................................................................... 3

IV.    ARGUMENT ............................................................................................................... 6

      A.     MPEG LA's Claim For Alleged Violation Of The Lanham Act
           Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6)................................ 6

      B.     MPEG LA's Complaint Should Be Dismissed Pursuant To
           Fed. R. Civ. P. 12(b)(1) For Lack Of Subject Matter Jurisdiction ..................... 9

      C.     MPEG LA's Claims Against ODS UK Should Be Dismissed
           Pursuant To Fed. R. Civ. P. 12(b)(2) For Lack Of Personal
           Jurisdiction....................................................................................................... 12

V.     CONCLUSION........................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**Federal Cases**
AES Corp. v. Dow Chem. Co., 157 F.Supp.2d 346, 354 (D. Del. 2001) .....................................12
Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F. Supp. 1458, 1462 (D. Del. 1991) .............12
Atamian v. Ellis, 2001 WL 699016, at *3 (D. Del. June 19, 2001).............................................12
Ballenger v. Applied Digital Solutions, Inc., 189 F.Supp.2d 196, 201 (D. Del. 2002)...............11
Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)....................................11
Chambers v. Time Warner, Inc., 282 F.3d 147, 156 (2d Cir. 2002).............................................7
Curay-Cramer v. Ursuline Academy of Wilmington, 344 F.Supp.2d 923, 936
    (D. Del. 2004) ..........................................................................................................................11
Daggers v. Thaens, 1999 WL 223504, at *5 (D. Del. Mar. 31, 1999)........................................11
Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 29 (2003) ..............................7
De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003)..........................................10
Delaware, Asahi Metal Indus. Co. v. Superior Coal of Cal., 480 U.S. 102, 1212 (1981)...........14
Digigan, Inc. v. iValidate, Inc., 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004)................................8
Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG, No.,
    1998 WL 148427, at *2 (S.D.N.Y. Mar.27, 1998) ...................................................................8
Hohman v. State of Delaware Dept. of Corrections, 2001 WL 1593222, at *4
    (D. Del. Dec. 11, 2001)...........................................................................................................11
ICT Pharm., Inc. v. Boehringer Ingelheim Pharm., Inc., 147 F.Supp.2d
    268, 270-1 (D. Del. 2001).....................................................................................................3, 12
Intel Corp. v. Silicon Storage Tech., Inc., 20 F.Supp2d 690, 699 (D. Del. 1998)......................13
Joint Stock Soc'y v Heublein, Inc., 936 F. Supp. 177, 193 (D. Del. 1996) .................................12
Monsanto Co. v. Syngenta Seeds, Inc., 443 F. Supp. 2d 648, 651-2
    (D. Del. 2006) .....................................................................................................................1, 7, 9
Monsanto Co. v. Syngenta Seeds, Inc., 443 F.Supp.2d 636, 642-3
    (D. Del. 2006) ...............................................................................................................2, 3, 12, 14
Siemens Aktiengesellschaft v. LG Semicon, Ltd., 68 F.Supp.2d 622, 627
    (D. Del. 1999)..........................................................................................................................13
Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc., 961 F. Supp. 686, 691
    (D. Del. 1997) ..........................................................................................................................14
World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980)....................................14
Zenith Electronics Corp. v. Exzec, Inc., 182 F.3d 1340, 1347-8 (Fed. Cir. 1999)......................7

**Federal Statutes**
28 U.S.C. § 1331..........................................................................................................................9
28 U.S.C. § 1367.........................................................................................................................10
28 U.S.C. § 1367(c)(1)-(4)..........................................................................................................10
Lanham Act (15 U.S.C. § 1125(a) .............................................................................................6, 7
Lanham Act (15 U.S.C. § 1125(a)(1) .....................................................................................1, 7, 8

**State Statutes**
10 Del. C. § 3104(c).....................................................................................................................3
10 Del. C. §3104(c).....................................................................................................................13

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On January 17, 2007, plaintiff MPEG LA, L.L.C. ("MPEG LA") filed a complaint (the

"Complaint") (D.I. No. 1) alleging violation of the Lanham Act and seeking declaratory

judgment of invalidity of licenses to MPEG LA's patent pool against defendants ODS Optical

Disc Services, Inc. ("ODS US") and ODS Business Services, Ltd. ("ODS UK"). ODS US and

ODS UK have not answered MPEG LA's Complaint, but instead file this motion to dismiss

MPEG LA's Lanham Act claims for failure to state a claim upon which relief could be granted,

and to dismiss the Complaint for lack of subject matter jurisdiction, or to dismiss MPEG LA's

claims against ODS UK for lack of personal jurisdiction.

## II.    SUMMARY OF THE ARGUMENT

1.    MPEG LA's claim for alleged violations of the Lanham Act should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

MPEG LA alleges that ODS US and ODS UK have violated § 43(b) of the Lanham Act

(15 U.S.C. § 1125(a)(1)) by erroneously representing that they have licenses to MPEG LA's

patent pool. However, representations concerning the existence of a license are not

representations as to the origin of a tangible product, and thus cannot support a claim under

§ 43(a)(1)(A) of the Lanham Act. *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648,

651-2 (D. Del. 2006). Similarly, representations concerning the existence of a license are not

representations as to the "nature, characteristics [or] qualities" of a tangible product in the

marketplace, and thus cannot support a claim under § 43(a)(1)(A) of the Lanham Act. *Id.* at 652-

3. Even assuming the truth of MPEG LA's allegations that ODS US and ODS UK erroneously

represented that they had licenses to MPEG LA's patent pool, MPEG LA would not be entitled

to any relief under the Lanham Act for such representations.  Accordingly, MPEG LA's Lanham Act claims must be dismissed.

2.    MPEG LA's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Both MPEG LA and ODS US are limited liability companies organized under the laws of Delaware, and thus diversity jurisdiction is inapplicable. Further, because MPEG LA has failed to state a claim for which relief could be granted under the Lanham Act, there is no basis for this Court to exercise federal question jurisdiction.  MPEG LA's remaining declaratory judgment claims are all directed toward issues of contract interpretation under New York law that do not implicate any federal question.  Indeed, even MPEG LA's purported Lanham Act claims depend entirely on resolution of contract interpretation questions, such that state law issues constitute the real body of this case, and predominate over purported federal issues.  Because MPEG LA has failed to state a claim under the Lanham Act, the Court should decline to exercise supplemental jurisdiction over MPEG LA's state law claims.  MPEG LA's Complaint should be dismissed in its entirety for lack of diversity jurisdiction, there being no basis for exercise of federal question jurisdiction.

3.    Even if the Court had a basis for exercising subject matter jurisdiction over this case, MPEG LA's claims against ODS UK should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over ODS UK.  As case law from this judicial district has consistently held, the Court can only exercise jurisdiction over non-resident defendants if the defendants are within the reach of Delaware's long-arm statute and the exercise of jurisdiction would not violate due process.  *See, e.g.*, *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F.Supp.2d 636, 642-3 (D. Del. 2006) (motion to dismiss granted); *ICT Pharm., Inc. v.*

*Boehringer Ingelheim Pharm.*, Inc., 147 F.Supp.2d 268, 270-1 (D. Del. 2001) (motion to dismiss granted).

4.    ODS UK is a limited liability company organized under the laws of the United Kingdom and having a principal place of business in Swindon, UK.  ODS UK is a non-resident of Delaware and is beyond the reach of Delaware's long-arm statute, 10 *Del. C.* § 3104(c), which confers personal jurisdiction only if a non-resident transacts business in Delaware or has an interest in real property in Delaware.  No such circumstances are present here, and moreover, MPEG LA has not alleged any basis for exercise of personal jurisdiction over ODS UK under Delaware's long-arm statute.  Further, exercise of personal jurisdiction over ODS UK is impermissible because it would violate due process.  ODS UK lacks the requisite "minimum contacts" with Delaware required for the exercise of personal jurisdiction by this Court.  MPEG LA, having made no allegations whatsoever concerning minimum contacts between ODS UK and the state of Delaware, has failed to bear its burden of establishing with reasonable particularity that sufficient minimum contacts have occurred.  *Monsanto*, 443 F.Supp.2d at 642.  Because this Court lacks personal jurisdiction over ODS UK, MPEG LA's claims against ODS UK must be dismissed.

**III.    STATEMENT OF FACTS**

MPEG LA administers non-exclusive sublicenses to a pool of patents relating to the manufacture and practice of MPEG-2 digital compression technologies.  Compl. ¶¶ 14-15.  MPEG LA filed this lawsuit on January 17, 2007, alleging that ODS US and ODS UK have erroneously represented to MPEG LA and to the marketplace that ODS US and ODS UK have acquired licenses from MPEG LA, that such representations have caused confusion in the marketplace as to how licenses to the MPEG LA patent pool can be obtained, and consequently

3

that MPEG LA has been harmed. Compl. ¶¶ 3-5. In its Complaint, MPEG LA devotes much discussion to ODS Optical Disc Service GmbH ("ODS GmbH"), a company that MPEG LA has not named as a defendant in this action. In particular, MPEG LA relates that ODS GmbH was recently found by a German court to have infringed certain patents covering MPEG-2 technology.[1] Compl. ¶¶ 2, 18-38. MPEG LA states, without explication, that ODS US and ODS UK are "corporate affiliates" of ODS GmbH. Compl. ¶¶ 3-4. MPEG LA nowhere alleges that ODS US or ODS UK were in any way involved with the infringing activities of ODS GmbH, or that ODS US or ODS UK are controlled by or are agents of ODS GmbH.[2]

All of MPEG LA's claims against ODS US and ODS UK stem from asset purchases from companies that had licensed MPEG LA's patent pool. Compl. at ¶¶ 39-40, 50-52. With respect to ODS US, MPEG LA states that ODS US claims to have purchased "substantially all of the assets" of Deluxe Media Services, Inc. Compl. at ¶ 52. MPEG LA does not allege that this asset purchase did not occur; rather, it merely states that ODS US "has completely failed to provide any credible information" regarding that asset purchase. Compl. at ¶ 55. MPEG LA concedes that its patent pool license, by its terms, may be assigned by a licensee to a purchaser of "substantially all of the assets of Licensee." Compl. at ¶ 55 and Ex. A at 23-4. Nevertheless, MPEG LA alleges that ODS US does not have a license to the MPEG patent pool. Compl. at ¶¶ 60, 72-99. MPEG LA also alleges that ODS US has misled the marketplace through publicly stating that it had a license to MPEG LA's patent pool, and that MPEG LA has consequently been harmed. Compl. at ¶¶ 61-71.

---

[1]    ODS GmbH is entitled to have the decision of the Court of First Instance of Dusseldorf reviewed by the Court of Appeals of Dusseldorf and by the German Federal Supreme Court and the European Court of Justice.

[2]    Indeed, it is not readily apparent why MPEG LA devotes twenty-two paragraphs of its Complaint exclusively to legal proceedings involving an entity that is not alleged to have any involvement in the acts complained of and has not been named a party in this lawsuit.

MPEG LA's allegations with respect ODS UK track its allegations with respect to ODS US. MPEG LA states that ODS UK claims to have purchased "substantially all of the assets" of Thamesdown SDC. Compl. at ¶ 40. MPEG LA does not allege that this asset purchase did not occur; rather, it merely states that ODS UK "has completely failed to provide any credible information" regarding that asset purchase. Compl. at ¶ 42. Importantly, MPEG LA concedes that its patent pool license, by its terms, may be assigned by a licensee to a purchaser of "substantially all of the assets of Licensee." Compl. at ¶ 42 and Ex. A at 23-4, § 7.1.2. Nevertheless, MPEG LA alleges that ODS UK does not have a license to the MPEG patent pool. Compl. at ¶¶ 43, 72-99. MPEG LA also alleges that ODS UK has misled the marketplace through publicly stating that it had a license to MPEG LA's patent pool, and that MPEG LA has consequently been harmed. Compl. at ¶¶ 46-49, 66-71.

All of MPEG LA's claims are premised upon the alleged failure of ODS US and ODS UK to secure licenses to MPEG LA's patent through purchase of substantially all assets of other MPEG LA licensees, although MPEG LA does not allege in its Complaint that these asset purchases did not occur. In counts two, three, and four of its Complaint, MPEG LA seeks declaratory judgment on matters of contract interpretation. Compl. at 72-99. In particular, MPEG LA seeks a declaratory judgment that ODS US and ODS UK have not validly obtained licenses to MPEG LA's patent pool. Compl. at ¶¶ 74, 77. In count one of its Complaint, MPEG LA alleges that ODS US and ODS UK, by misrepresenting that they have valid licenses to MPEG LA's patent pool, violate section 43(b) of the Lanham Act and harm MPEG LA. Compl. at ¶¶ 66-71. Because MPEG LA's allegations depend on the validity of assignments of licenses to ODS US and ODS UK, count one is also a matter of contract interpretation. The MPEG

patent pool license at issue, by its terms, is governed by the substantive law of the State of New

York. Compl. Ex. A at 30, § 7.18.

## IV.    ARGUMENT

### A.    MPEG LA's Claim For Alleged Violation Of The Lanham Act Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6)

In its complaint, MPEG LA alleges that ODS US and ODS UK have violated

Section 43(b) of the Lanham Act (15 U.S.C. § 1125(a)) by misrepresenting that they have valid

licenses to MPEG LA's patent pool.  Specifically, MPEG LA claims that ODS US and ODS UK

have "erroneously represented to MPEG LA and the marketplace that [they have] acquired a

[patent] License from MPEG LA . . . .  This has caused confusion in the marketplace and has

harmed and continues to harm MPEG LA." Compl. ¶ 3-4.  This is the only misrepresentation

MPEG LA accuses ODS US and ODS UK of making.

Even assuming that all of the facts alleged by MPEG LA are true — and they are not —,

MPEG LA has failed to state an actionable claim under the Lanham Act.  The text of Section 43

of the Lanham Act is as follows:

> § 1125. False designations of origin and false descriptions forbidden
> (a) Civil action
>> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, service, or commercial activities shall be liable in a civil action by any person who believes that he or she is or is likely to be damages by such act.

6

15 U.S.C. § 1125(a) (1988). This provision of the Lanham Act is meant "to prevent customer confusion regarding a product's source or sponsorship." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 156 (2d Cir. 2002). As this Court recently observed, "in construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent and copyright." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648, 652 (D. Del. 2006) (internal quotations and citations omitted) (dismissing Lanham Act claim that, among other things, challenged alleged misrepresentations that the defendant "still has a license or other valid legal authority to provide corn and other seed products containing [Plaintiff's] proprietary technology.") *See also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 29 (2003) ("Whether the trait contained in the seed is the intellectual property of another is a question for the intellectual property laws" and not the Lanham Act).

To establish a *prima facie* case for damages as a result of unfair competition/false advertising under the Lanham Act, MPEG LA must allege that the ODS Entities: (1) made false representations, (2) for goods, (3) in interstate commerce, (4) in commercial advertising or promotion, (5) about a material facet of any ODS US or ODS UK product, (6) that caused damage to MPEG LA. *See Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347-8 (Fed. Cir. 1999); J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, False Advertising, § 27:24 (1998); 15 U.S.C. § 1125(a)(1). MPEG LA's Lanham Act claim fails to meet this standard and should be dismissed.

The Complaint alleges that ODS US and ODS UK violated Section 43(a) of the Lanham Act by making false and misleading representations concerning their rights to the MPEG LA patent pool. Compl. ¶ 3-4. Thus, the alleged misrepresentations concerned only the MPEG LA

7

patents, not any products or services. This exact situation has been addressed by several courts, which have found that such conduct does not implicate the Lanham Act and have granted motions to dismiss.

A patent is not a "good or service" as those terms are used in the Lanham Act. *See Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG, No.*, 1998 WL 148427, at *2 (S.D.N.Y. Mar.27, 1998) (citing *Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1574-75 (Fed.Cir.1996)). In *Hans-Jurgen*, the plaintiffs alleged that the defendant violated Section 43(a) when it falsely claimed ownership of a patent. *Id.* Judge Leisure concluded that the cause of action arose out of misrepresentations regarding ownership of the patent, and noted that the Federal Circuit has held that a patent is not a "good or service" under Section 43(a) of the Lanham Act. *See id.* Ultimately, Judge Leisure granted defendants motion to dismiss for failure to state a claim that could entitle them to any relief under the Lanham Act.

A similar result was reached in *Digigan, Inc. v. iValidate, Inc.*, 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004). There, Judge Casey found that the patent, and not any product or service, was at the center of the controversy between the parties. The court concluded that the only misrepresentation that allegedly occurred was the defendant's claim that it was a licensee of the plaintiff's patent. *See id.* at *5. The court held that "Plaintiff's vague reference to Defendants' 'products embodying technology' does not allege the necessary connection between the misrepresentations of fact and goods or services." *Id.* Because the only thing the plaintiff alleged in that case was "misrepresentations in connection with Defendants' rights to the patent, not with the products themselves" the Court concluded "that Plaintiff has alleged misrepresentations of fact in connection with a patent, not goods or services. Therefore, the Lanham Act claim is dismissed." *Id.*

8

Most recently, this Court addressed a case involving very similar facts and granted a motion to dismiss Lanham Act claims. *See Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F.Supp.2d 648 (D. Del. 2006). In that case, Monsanto asserted that Syngenta made false statements of material fact in commercial advertising, including:

> (1) Stating that Syngenta acquired the right to practice the GA21 genetic event from Bayer CropScience; (2) Stating that Syngenta has full rights in the GA21 genetic event; (3) Stating that the GA21 event corn products Syngenta is selling were developed by it or by an entity or entities unaffiliated with Monsanto; (4) Stating that **Syngenta still has a license or other valid legal authority given by Monsanto** to provide corn and other seed products containing Monsanto proprietary technology; and (5) **Implying that Syngenta is still an authorized licensee** of products under Monsanto's trademarks, but that Monsanto is requiring Syngenta to use other trademarks for such products.

*Id.* at 652 (emphasis added). This Court dismissed the Lanham Act claims based on these allegations because it found that "[n]one of [Plaintiff's] assertions are directed to the 'nature, characteristics [or] qualities' of the [product], which would adequately have plead a false advertising claim." *Id.* at 653.

MPEG LA's claims in this case are nearly identical to those raised by the plaintiffs in *Monsanto*, *Hans Jurgen* and *Digigan*. MPEG LA does not allege that ODS US or ODS UK have made any misrepresentation concerning any of the physical characteristics of their products, only their rights to MPEG LA's patent pool. An assertion that a patent license was improperly procured does not state a cause of action for false advertising under the Lanham Act. For this reason, MPEG LA has failed to state a claim for which relief can be granted, and its Lanham Act claim, and the Complaint, must be dismissed.

### B.    MPEG LA's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(B)(1) For Lack Of Subject Matter Jurisdiction

MPEG LA claims that this Court has subject matter jurisdiction over this case on the basis of its federal Lanham Act claims under 28 U.S.C. § 1331 and supplemental jurisdiction

over its additional claims under 28 U.S.C. § 1367. Compl. at § 12. There is no basis for federal

diversity jurisdiction because both MPEG LA and ODS US are limited liability companies

organized under the laws of the state of Delaware. Compl. at § 9-10.

Because there is no diversity of parties, MPEG LA's sole basis for federal subject matter

jurisdiction is federal question. The only claims over which this Court has original jurisdiction

are MPEG LA's federal Lanham Act claims. As discussed more fully above, MPEG LA has

failed to state a claim under the Lanham Act upon which relief can be granted, and its Lanham

Act claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). MPEG LA's remaining

claims involve issues of contract interpretation under New York law. The Court should decline

to exercise supplemental jurisdiction over MPEG LA's state law claims following dismissal of

MPEG LA's federal Lanham Act claims.

District courts may exercise supplemental jurisdiction over non-federal claims arising

from the same case or controversy as the federal claim under 28 U.S.C. § 1367. A district

court's exercise of supplemental jurisdiction is a matter of discretion, and not a plaintiff's right.

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (citing *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Under § 1367(c), district courts may decline to

exercise supplemental jurisdiction where:

> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which
>        the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original
>        jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons for
>        declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

Because MPEG LA's claims over which this Court has original jurisdiction — its federal claims under the Lanham Act — must be dismissed, the Court should decline, under § 1367(c)(3), to exercise supplemental jurisdiction over MPEG LA's state law claims. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). MPEG LA has alleged no facts suggesting that interests of economy, convenience, or fairness that justify exercise of supplemental jurisdiction here.

The Court should decline to exercise supplemental jurisdiction over MPEG LA's state law claims, as it often has when all federal claims have been dismissed. *See Daggers v. Thaens*, 1999 WL 223504, at *5 (D. Del. Mar. 31, 1999) (declining to exercise supplemental jurisdiction over state law claims, having dismissed plaintiff's federal claims, where plaintiff failed to raise facts justifying deviation from the general rule announced in *Borough of West Mifflin*). *See also Curay-Cramer v. Ursuline Academy of Wilmington*, 344 F.Supp.2d 923, 936 (D. Del. 2004) ("Because the Defendants' motion to dismiss were filed early in the case, the parties have not invested significant resources in litigating the State Claims in this forum . . . . It is therefore neither wasteful nor unfair to decline to exercise supplemental jurisdiction in this matter."); *Ballenger v. Applied Digital Solutions, Inc.*, 189 F.Supp.2d 196, 201 (D. Del. 2002) ("[A]lthough a belated rejection of supplemental jurisdiction may not be fair, the court is declining jurisdiction early in the life of this case. The litigants will therefore have ample opportunity to seek another forum.") (quotations omitted); *Hohman v. State of Delaware Dept. of Corrections*, 2001 WL 1593222, at *4 (D. Del. Dec. 11, 2001) ("[T]he court has no original jurisdiction over the

11

[federal] claim. The court is therefore not obligated to hear the state law claim. Further, the interests of fairness and convenience will not be harmed if the court declines jurisdiction."); *AES Corp. v. Dow Chem. Co.*, 157 F.Supp.2d 346, 354 (D. Del. 2001) ("Where all federal claims are dismissed before trial, the court should dismiss the state law claims as well, for lack of supplemental jurisdiction.") (rev'd on other grounds); *Atamian v. Ellis*, 2001 WL 699016, at *3 (D. Del. June 19, 2001) ("Since all of plaintiff's federal claims are dismissed, the court declines to extend pendent jurisdiction over plaintiff's state law claims.").

### C.    MPEG LA's Claims Against ODS UK Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(B)(2) For Lack Of Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires the dismissal of actions where the Court lacks personal jurisdiction over the defendant. In Delaware, the Court applies a two-step inquiry to determine whether such jurisdiction exists: first, the Court must look to Delaware's long-arm statute to determine if that statute authorizes exercise of jurisdiction; second, the Court must determine whether the exercise of jurisdiction comports with due process. *Monsanto*, 443 F.Supp.2d at 642-3. On a motion to dismiss, although all reasonable inferences must be drawn in favor of the plaintiff, the plaintiff bears the burden of alleging facts sufficient to make a *prima facie* showing of personal jurisdiction over the defendant. *ICT Pharm.*, 147 F.Supp.2d at 270-1 (citing *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1462 (D. Del. 1991). The plaintiff must meet this burden to the plaintiff by establishing with reasonable particularity that a defendant has sufficient minimum contacts with the state of Delaware to support jurisdiction. *Id.* at 271 (citing *Joint Stock Soc'y v Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del. 1996)). MPEG LA's sole allegation with respect to personal jurisdiction is that events underlying the claims herein occurred and continue to occur in this

12

Judicial District, and because ODS US is organized under the laws of Delaware. Compl. at ¶ 13.
MPEG LA has failed to meet its burden with respect to ODS UK.

ODS UK is a non-resident of the state of Delaware and is beyond the reach of Delaware's
long-arm statute, 10 Del. C. §3104(c), which confers personal jurisdiction only if the defendant
(1) transacts business in Delaware, (2) contracts to supply services or goods in Delaware, (3)
causes injury in Delaware by an act or omission in Delaware, (4) causes injury in or out of
Delaware and regularly does business in Delaware, (5) has an interest in real property in
Delaware, or (6) contracts to insure or act as surety for an interest in Delaware.

MPEG LA's general statement in its Complaint that "events underlying the claims herein
occurred and continue to occur in this Judicial District" is inadequate to make a *prima facie*
showing of personal jurisdiction over ODS UK. MPEG LA has failed to allege any specific facts
that would provide a basis under Delaware's long-arm statute for exercise of personal
jurisdiction over ODS UK, and indeed, no such bases are present here. ODS UK is a limited
liability company organized under the laws of the United Kingdom and having a principal place
of business in Swindon, UK. ODS UK does not have any offices, facilities, employees or agents
located in Delaware, and does not own any property in Delaware. It is neither incorporated in
Delaware nor licensed to do business in Delaware. ODS UK has not sold any products in
Delaware and has not advertised in Delaware.

The Court is not required to conduct a federal "due process" analysis because MPEG LA
has not alleged, let alone pled with reasonable particularity, any facts establishing a basis for
exercise of personal jurisdiction under the Delaware long-arm statute. *See, e.g., Siemens
Aktiengesellschaft v. LG Semicon, Ltd.*, 68 F.Supp.2d 622, 627 (D. Del. 1999); *Intel Corp. v.
Silicon Storage Tech., Inc.*, 20 F.Supp2d 690, 699 (D. Del. 1998); *Tristrata Tech., Inc. v.*

13

*Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). Should the Court conclude that ODS UK is subject to personal jurisdiction under Delaware's long-arm statute, it is again the plaintiff that bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between ODS UK and the state of Delaware to support jurisdiction. *Monsanto*, 443 F.Supp.2d at 642 (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)).

MPEG LA has again failed to carry its burden. MPEG LA has alleged nothing suggesting that ODS UK has any "substantial connection" with Delaware, *Asahi Metal Indus. Co. v. Superior Coal of Cal.*, 480 U.S. 102, 1212 (1981), let alone any contacts of a nature that would cause ODS UK to "reasonably anticipate being haled into court" in Delaware. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). As this court has recognized, in cases involving foreign parties, "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Monsanto*, 443 F.Supp.2d at 643 (quoting *Asahi*, 480 U.S. at 115). Because MPEG LA has failed to meet both its burden of demonstrating a statutory basis for personal jurisdiction over ODS UK and its burden of demonstrating that the exercise of jurisdiction over ODS UK comports with due process, MPEG LA's claims against ODS UK should be dismissed.

**V.    CONCLUSION**

For the foregoing reasons, the ODS Entities respectfully request this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), 12(b)(6).

FISH & RICHARDSON P.C.

Cathy L. Reese (#2838)
Stamatios Stamoulis (#4606)
Kyle W. Compton (#4693
919 North Market Street, 11th Floor
P.O. Box 1114
Wilmington, DE  198899-1114
(302) 652-5070

*Attorneys for Defendants*

Dated:  February 6, 2007

15

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007, I caused to be electronically filed **ODS Optical Disc Services, Inc.'s And ODS Business Services, Ltd.'s Motion To Dismiss**, [proposed] **Order**, and **Opening Brief In Support Of ODS Optical Disc Services, Inc.'s And ODS Business Services, Ltd.'s Motion To Dismiss** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000

_____     /s/ Cathy L. Reese_____
Cathy L. Reese (#2838)
FISH & RICHARDSON P.C.
919 North Market Street, 11th Floor
P.O. Box 1114
Wilmington, DE  198899-1114
(302) 652-5070

Reese@fr.com